IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN WASHINGTON, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:20-cv-180-KRG-KAP |
| CORRECTIONS OFFICER BREGMAN, | : |
|     Defendant | : |

Memorandum Order

    Plaintiff's motion for appointment of counsel, ECF no. 31, is denied. Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." The local rule reflects the experience-based judgment of the District Court that, given the few attorneys who have expressed willingness to represent inmates *pro bono*, counsel should be reserved for cases pending trial. There are no special circumstances here. Recently inmates litigating from Houtzdale have begun including their desire for appointment of an expert witness as a reason to appoint counsel. That assertion is not a special circumstance.

    Federal Rule of Evidence 706 does not give a court "the power to tilt the scales in favor of one litigant by funding its expert witnesses." Young v. Martin, 801 F.3d 172, 185 (3d Cir. 2015), *citing* Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987), *cert. denied*, 485 U.S. 991 (1988). The Court cannot even appoint counsel, strictly speaking, but can only request that an attorney represent a litigant. Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 301–02 (1989). Claiming a need for experts to bootstrap appointment of counsel is improper in any case. In this case as framed by the plaintiff there is no plausible need for an expert.

    After the defendant's Answer is filed, the pretrial schedule will be as follows:

    1. Motions, other than those mentioned in ¶2 and ¶3 below, shall be accompanied by a memorandum of law and responded to within twenty days.

    2. Discovery shall be completed by September 30, 2023. Discovery motions should succinctly state the matter in dispute and need not be accompanied by any memorandum of law; discovery motions shall be responded to within five days. Absent order to the contrary, the filing of a motion to dismiss or motion to compel discovery shall not stay discovery.

      3. Motions for summary judgment shall be filed on or before October 31, 2023. Motions shall be responded to by the opposing party within thirty days.

      4. If no summary judgment motion is filed the pretrial statement of plaintiff shall be filed on or before November 30, 2023, and the pretrial statement of defendant shall be filed on or before December 31, 2023.

DATE: April 17, 2023　　　　　　　　　　　_____
                                               Keith A. Pesto,
                                               United States Magistrate Judge

      Notice by ECF to counsel and by U.S. Mail to:

Alvin Washington LX-3049
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, PA 16698