IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALVIN WASHINGTON,                    :
        Plaintiff              :
   v.                                 : Case No. 3:20-cv-180-KAP
CORRECTIONS OFFICER BREGMAN,         :
        Defendant              :

## Memorandum Order

The motion to compel at ECF no. 44 is denied.

The complaint in this matter was filed in September 2020 and amended in July 2021. About two years were consumed in my screening of the successive complaints and the Court's review of my screening of the amended complaint under the Prison Litigation Reform Act, and the delay caused because plaintiff did not provide service paperwork for the remaining party. Once the remaining defendant was served in 2023, all parties consented to my jurisdiction and I established a pretrial schedule.

Plaintiff improperly filed a request for discovery as a motion to compel at the end of June, something I pointed out to plaintiff at the beginning of August. Discovery closed at the end of September and a month later plaintiff filed a motion to reopen discovery that was styled as a motion to extend discovery. I denied it because plaintiff gave no explanation, much less justification, for the request. I granted a motion to reconsider and re-opened discovery expressly for the purpose of producing the three video recordings requested by plaintiff in the motion to compel filed in June. I expressly qualified that production of the videos by adding "assuming they exist and no objection is made."

Plaintiff has now in January 2024 filed another motion styled "motion to compel," which in part improperly uses a motion to compel to seek to reopen discovery for things never sought during discovery. That portion of the motion is denied because it is improper to use a motion to compel to make untimely afterthought requests for discovery, especially given the amount of time plaintiff (whose familiarity with litigation I noted in April 2021, ECF no. 7) has had to consider his case. One request is for a "witness statement" (no further details are provided) from Gabriel Pittman, who is not mentioned until the motion filed in January 2024. The events alleged in the complaint took place in September 2018. Plaintiff signed his complaint at the end of August 2020. Gabriel Pittman, the inmate plaintiff says he wants to obtain an affidavit from, was at S.C.I. Houtzdale at least in the summer of 2020 because he was litigating cases before me from there, and he apparently was still there in June 2021 because he was litigating a case before Judge Conner from there. See Pittman v. Banks, 2021 WL 2334256 (M.D. Pa. June 8, 2021).

1

In the properly used portion of the motion to compel, plaintiff's motion asserts that defendant did not make all the videos available for review and that the ones made available are inaccurate and "appeared to be intentionally tampered with."

I asked my courtroom deputy to call counsel for the defendant to ask for a response because my understanding is that inmates view videos through the prison's security department without counsel present and I wanted to make sure that no glitches in production delayed the matter. The response, ECF no. 45, makes it clear that there are no unproduced videos.

The balance of the motion to compel is denied. Discovery rulings do not always justify a written explanation but the internal evidence of common authorship in many inmate cases and the express claims of ghostwriting in others (and I note in this case the stylistic similarity between plaintiff's original complaint and those authored by Gabriel Pittman, the inmate formerly at Houtzdale that plaintiff wishes to communicate with) make it clear that inmates share motions and echo each other's litigation tactics. Claims that there has been tampering with records - by persons unknown who are assumed to be acting on behalf of the defendants - are raised sufficiently often by *pro se* inmate plaintiffs at S.C.I. Houtzdale that I set this out for whatever guidance it may provide plaintiff and others in the cadre of inmate litigants there.

That the videos produced do not square with plaintiff's assertions about his recollection does not raise even a suspicion of intentional tampering. A bald assertion that evidence was tampered with (here, as a basis for claiming either that other videos exist or that these videos are not reliable) has no more evidentiary weight when the evidence is a video record than in any other context. *See e.g.* Presser v. Key Food Stores Co-Op., Inc., 316 Fed.Appx. 9, 12 (2d Cir. 2009)(bald assertion that a signature log was fabricated carried no weight in claim that employee did not receive notice); Pittman v. Banks, 2020 WL 1531301, at *2 n.4 (M.D. Pa. Mar. 31, 2020)(dismissing summarily inmate plaintiff's claim that he never received an opposing party's brief).

The second point is that a party need not jump through hoops in response to a claim of inaccuracy or incompleteness by another party in order to use the videos: the objecting party must meet a burden of proof in objecting to that use. As the Eleventh Circuit recently observed, in rejecting a claim that photos excerpted from bank surveillance videos were improperly used as evidence to convict a defendant of using stolen debit cards:

> [N]o one doubts that the surveillance videos themselves were self-authenticating business records under Rule 803(6). The still frame photos pulled from the tape are no different than wheeling a television into the courtroom with the video paused at just the right frame, either in what they communicated or in how

they did it. The photos were self-authenticated business records.

<u>United States v. Clotaire</u>, 963 F.3d 1288, 1294 (11th Cir. 2020). In general, F.R.E. 902(11) makes evidence, including video evidence, self-authenticating if it is an original or a copy of a domestic record that meets the requirements in F.R.E. 803(6)(A)–(C) that (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge, (B) the record was kept in the course of a regularly conducted activity of a business, and (C) making the record was a regular practice of that activity; and (E) the opponent does not **show** that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." (my emphasis).

Discovery exists not for its own sake, but for the sake of assembling evidence for trial. Plaintiff has failed to **show** anything amiss in the production of video evidence that may be presented at trial and so has failed to **show** anything justifying a motion to compel. If plaintiff had presented some genuine challenge to counsel's implicit representation in every case that the discovery produced was an authentic and complete response to the discovery request, the response by counsel for the defendant more than answered it.

The previous schedule for summary judgment motions and pretrial statements (summary judgment motions are due on or before January 31, 2024, with responses by March 2, 2024. Pretrial statements are to be filed, in the absence of summary judgment motions, by plaintiff on or before February 28, 2024, and by defendant on or before March 31, 2024) remains in effect. If extension of those deadlines is needed the parties can file appropriate motions.

DATE: January 22, 2024

_____
Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Alvin Washington LX-3049
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, PA 16698