IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALVIN WASHINGTON,           :
        Plaintiff         :
   v.                   : Case No. 3:20-cv-180-KAP
CORRECTIONS OFFICER BREGMAN, :
        Defendant         :

Memorandum Order

    Plaintiff Alvin Washington, throughout this matter an inmate at S.C.I. Houtzdale, filed a complaint dated August 28, 2020 against two corrections officers and four other staff members at Houtzdale, including two medical personnel. I screened the complaint and recommended that a Whitley v. Albers claim against Corrections Officer Bregman go forward, and that plaintiff be allowed to amend his complaint to state more adequately an attempted Mitchell v. Horn claim against Sergeant McClellan. Those claims were based on allegations that on September 4, 2018, McClellan instigated an incident on the false claim that Washington was disobeying an order (allegedly McClellan was acting in retaliation for a grievance previously filed by Washington), and that Bregman, who responded to the distress call and placed plaintiff in restraints, body-slammed Washington to the floor without any warning and without provocation. Bregman allegedly then forced a "spit bag" over plaintiff's head and issued a misconduct report falsely claiming that Washington tried to spit on him.

    One of the claims in the complaint that I found inadequate was Washington's attempted Estelle v. Gamble claim against the two medical personnel. Washington alleged that "three to four days after" the incident, he complained of back pain as a result of being slammed to the floor, and because medical personnel (the PA who offered him Tylenol but did not open his cell door to examine him, and the medical director at Houtzdale who failed in his duty to review her work) did not at that time order an x-ray or an MRI, they were deliberately indifferent to a medical emergency that Washington subsequently suffered "a day or two **after** my sick call visit (my emphasis)," an emergency for which Washington alleged he had received treatment at an outside hospital the same day.

    In April 2021, Washington sought and was denied additional time to file objections to my recommendation. Washington did not appeal from that or file objections. Three months later in July 2021, Washington filed a First Amended Complaint naming only Bregman and McClellan. I screened that complaint and in August 2021 recommended that the Whitley v. Albers claim against Bregman go forward, but that additional attempted claims based on Bregman's filing of a misconduct be dismissed. Washington abandoned the retaliation claim against McClellan, and I recommended that in light of

Washington's allegations his attempted excessive force claim against McClellan be dismissed.

Washington filed timely objections to that recommendation that also complained about the denial of his motion for extension of time several months earlier. The Court considered the objections and in August 2022 agreed that the claim against McClellan should be dismissed. The day after the Court ruled, I ordered the amended complaint served on Bregman once Washington supplied service paperwork. Five months went by without action; in January 2023 I filed a recommendation that the matter be dismissed for failure to prosecute if Washington did not provide the necessary paperwork.

Washington promptly sent in service paperwork, but the complaint he sent in that was sent to the Marshal and filed as a Second Amended Complaint was not the complaint ordered served. Although only Bregman was named in the caption, the Second Amended Complaint also alleged another version of the medical care claims that had been found inadequate more than two years earlier and which Washington had omitted from the First Amended Complaint. Washington and also made a brand-new claim, namely that the warden and medical director at Houtzdale "covered up" Bregman's "unprofessional conduct" that constituted a "criminal offense." When counsel from the Attorney General's Office appeared for Bregman in March 2023, I noted this and explained that the attempted amendment was neither sought nor permitted. Rather than go back to square one with service of the correct complaint, I stated that Bregman's duty was to reply to the First Amended Complaint at ECF no. 8.

In April 2023, Washington sent correspondence explaining that he filed the Second Amended Complaint -filed without explanation in February 2023- because corrections officers had taken his copy of the First Amended Complaint "several month[s] ago" and he was unaware until January 2023 that the letter in which he explained that taking of his legal papers by unnamed corrections officers and in which he asked for a copy of his First Amended Complaint had never been received by the Clerk. Later in the month Washington sought appointed counsel, a motion I denied in accordance with Local Civil Rule 10, and I issued a discovery schedule.

Discovery proceeded. Washington filed as a motion a request for production of security video camera footage from the day of the incident. I noted that a motion was improper under the local rules. New counsel appeared for Bregman from the Department of Corrections Office of General Counsel and sought to take Washington's deposition. Discovery ended. In October 2023, Washington filed a one-sentence Motion for Extension of Time" that I denied because it gave no reason for re-opening discovery. Washington then filed a more complete motion in the form of a motion to reconsider, explaining his attempts to obtain discovery properly, explaining what he wanted (the security camera footage), and explaining why he had not yet received it. In November

2023, I granted the motion, and also issued a final scheduling order.

So far, so good. On December 1, 2023, Washington reviewed the videos produced and found them incomplete. In January 2024, he filed a motion to compel, ECF no. 44, seeking the "requested video recordings [that we know] exist" and also seeking, for the first time, medical records and a witness statement from a fellow inmate who had been transferred. The video record that Washington was sure existed was from a fixed-point camera that covered the phone kiosk area in Unit FA during the time preceding the use of force. Washington believes that this video record would confirm his account of events leading up to the use of force and contradict the account "McClellan claimed in his misconduct report." Counsel from the DOC responded for Bregman, ECF no. 45, objecting to the new requests and explaining that she had produced all the video that existed. Counsel attached as exhibits Washington's correspondence to her, her response to Washington's correspondence, and the email exchange from December 8, 2023 between counsel and the security captain at Houtzdale, who stated that "We would not have saved the other camera footage as the incident did not occur in its viewing area." I denied the motion, with an explanation, at ECF no. 45.

In February, Washington filed a motion for reconsideration, ECF no. 47, asserting that the video produced to him had been tampered with, that the fixed-point camera video did exist and was being withheld by counsel for the defense, that the defendant was "acting in bad faith by not providing the recording from the second camera on FA unit or a plausible explanation as to what happened to the missing recording." Washington also complained about the DOC's use of an outside mail service in its attempt to reduce the introduction of contraband into prisons. I denied the motion, with an explanation, at ECF no. 48.

The time for plaintiff to file his pretrial statement at the end of February 2024 came and went. Three weeks later, Bregman moved to dismiss for lack of prosecution. ECF no. 49, ECF no. 50. It crossed in the mail with what Washington sent in dated March 17, 2024 as an "Objection to the Order Denying Reconsideration to Compel Discovery." ECF no. 51. The motion betrays no awareness that this matter had been proceeding as a consent case since shortly after the defendant was served, and argues that "the Court must overrule Judge Pesto's decision" and compel the production of "the existing video in its entirety," which counsel "edit[ed] to omit all relevant evidence for trial except the footage that can only prejudice the Plaintiff." The objection complains about my bias and about the DOC's use of the outside mail service.

The objection was followed by an unsigned Motion for Sanctions dated March 21, 2024, ECF no. 52, accusing both the AG and the DOC counsel for Bregman of "the prompting of the destruction of discovery evidence" by the security captain at Houtzdale, and in the alternative of "failing to take affirmative actions of preserving evidence."

Washington further claimed that DOC counsel "**clearly prompted** (improperly) security captain Mooney into stating that the recording from the second security camera was not saved which also means the evidence ... has been destroyed. **HOWEVER**, the matter of the destruction of the recording did not come about until after the Plaintiff requested the production of the recording." Washington sought $750,000 as sanction for this alleged conduct.

I denied the motion for sanctions on April 1, 2024 and ordered plaintiff to file his pretrial statement and a response to the motion to dismiss. ECF no. 53. This crossed in the mail with plaintiff's motion for extension of time dated March 1 (probably intended to be April 1) 2024. ECF no. 54. I denied the motion, with an explanation, at ECF no. 55. This crossed in the mail with a notice of appeal (the notice is undated, but it was mailed on April 9, 2024) from my denial of sanctions on April 1, 2024. ECF no. 56. It arrived with plaintiff's motion dated April 8, 2024 seeking my recusal, ECF no. 57, on the basis that I had ruled unfavorably on the discovery dispute, and that my "prior and present rulings are consistently biased against the Plaintiff as well as any and all inmates at S.C.I. Houtzdale and extremely prejudice in favor of the [Department of Corrections] Defendant."

Yesterday, Washington's pretrial statement was filed. ECF no. 59. It does not comply with the local rules, and it does not try to. Plaintiff states that he will amend his pretrial statement when his objection and his notice of appeal to my discovery rulings are resolved on appeal.

The <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir.1984) factors to consider in imposing a sanction for failure to prosecute are listed as: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) any history of delay; (4) whether the conduct of the party or attorney at fault was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merit of the claim or defense. It is not necessary that all the <u>Poulis</u> factors weigh in favor of dismissal. <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir.1988). What is necessary is that any sanction balance the Court's need to control its own docket against the goal of disposing of litigation on its merits. *See* <u>In re Asbestos Products Liability Litigation (No. VI)</u>, 718 F.3d 236, 246 (3d Cir.2013). In the absence of "substantial" reasons to the contrary, cases should be decided on the merits. <u>Hildebrand v. Allegheny County</u>, 923 F.3d 128, 132 (3d Cir. 2019).

Here the analysis is truncated because the facts are unusual. Plaintiff asserts that the defense, and in particular the defendant's counsel, have tampered with evidence. Plaintiff now refuses to go forward and seeks my recusal because I have not remedied this. He adds that my bias against not just him but against all other inmates is demonstrated because I have failed to require the defendant to produce evidence that he knows exists

4

or to sanction defense counsel for its withholding, tampering, or destruction. The claims of misconduct are not supported by competent evidence, and I find them meritless.

To formally deal with the pending motion, plaintiff's motion for recusal is not "timely" under 28 U.S.C.§ 144, and it is not sufficient either under 28 U.S.C.§ 144 or under 28 U.S.C.§ 455. A litigant seeking recusal should identify "facts that might reasonably cause an objective observer to question [the presiding judge's] impartiality." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 865 (1988)(recusal proper where judge in a bench trial sat on the board of trustees of a party negotiating with one of the litigants over property, the ownership of which was at issue in the bench trial); Clemmons v. Wolfe, 377 F.3d 322, 326 (3d Cir.2004)(recusal from habeas proceedings required of a judge who before taking the federal bench presided over the state court criminal proceedings). Recusal is almost never proper on the basis of a judge's actions in a case, unless they display "unequivocal antagonism that would render fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555-56 (1994), and a motion cannot be based "merely on repeated adverse rulings." See Kirlew v. Att'y Gen. of U.S., 267 Fed.Appx. 125, 128 (3d Cir. 2008)(*citing* Liteky). I think the record is clear and the reasons for my rulings are likewise clear. If I am wrong, the remedy is not judge-shopping, whether by filing objections because plaintiff now wishes this were not a consent case or by filing a motion to recuse.

Addressing the first Poulis factor, the current impasse is entirely the responsibility of the *pro se* plaintiff. Second, the prejudice to the defendant is clear: Washington could at trial have made any argument he wanted about why the incompleteness of the record and the failure of the DOC to preserve evidence provided a basis for believing his account of the events of September 4, 2018. Instead, he wishes to hold the individual defendant, Bregman, responsible for two independent things both of which are completely implausible, namely (1) that Bregman personally controls records retention policies in the DOC and personally is responsible for production of evidence, and (2) that defense counsel in what otherwise is unremarkable litigation over a use of force claim have at the eleventh hour tampered with evidence. There is no history of delay that is notable in this matter but, looking forward, trial will be a useless waste of time, since Washington expressly asserts that he will not go forward until his position about discovery is reviewed and decided favorably to him. That obviously addresses the "willfulness" factor as well. Finally, the underlying claim has enough merit to get to trial.

The problem, in the end, is that plaintiff wants to go to trial only on his terms, and I find his several discovery claims to range from meritless to implausible. This is based on the history recounted above. If the Court of Appeals considers Washington's pending appeal to be an improper interlocutory appeal, *but see* MDK, Inc. v. Mike's Train House, Inc., 27 F.3d 116, 120 (4th Cir. 1994)("[C]ourts have rather routinely declined to extend the collateral order doctrine to discovery rulings"), then a year from now we will be right

back where we are now. If the Court of Appeals considers Washington's pending appeal properly before it despite the collateral order doctrine, then it either affirms me, and a year from now we are right back where we are now, or it reverses me. In that case there would have to be, at the very least, a collateral proceeding to determine whether the AG and/or the DOC counsel, personally or through proxies, tampered with evidence. That proceeding, regardless of outcome, would require current counsel to withdraw and new counsel to appear. I am not willing to have trial in this matter derailed so easily, nor to sanction the creation of a tool by which disappointed litigants (or litigants who simply want to delay matters) can derail trial at will.

       Therefore, to put this matter before the Court of Appeals, the operative complaint in this matter, the First Amended Complaint, is dismissed for failure to prosecute. This is a final appealable order. I do not know whether the Court of Appeals will accept plaintiff's previous notice of appeal as sufficient to confer jurisdiction on it, so plaintiff should file a timely notice of appeal from this order.

       The Clerk shall mark this matter closed.

DATE: April 16, 2024          _____
                              Keith A. Pesto,
                              United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

    Alvin Washington LX-3049
    S.C.I. Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698